# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 13-24716-JAD |
| JAMES T MOORE and | : | |
| HEATHER A. MOORE | : | CHAPTER 12 |
| | : | |
| | : | Document No. |
| Debtor | : | |
| | : | |
| JAMES T. MOORE | : | |
| HEATHER A. MOORE | : | |
| Movants, | : | |
| | : | |
| - vs. - | : | |
| | : | |
| PHFA/HEMAP, DUQUESNE LIGHT COMPANY, | : | |
| EDGARDO D. SANTILLAN, ESQ. | : | |
| RONDA WINNECOUR, CHAPTER 12 TRUSTEE | : | |
| Respondents. | : | |

_____

### NOTICE OF PROPOSED MODIFICATION TO
### CONFIRMED PLAN DATED APRIL 30, 2015

1.  Pursuant to *11 U.S.C. § 1329* , the Debtors have filed an Amended Chapter 13 Plan dated March 30, 2017 Pursuant to the Amended Chapter 13 Plan, the Debtor seeks to modify the confirmed Plan in the following particulars:

2.  The proposed modification to the confirmed Plan will impact the treatment of the claims of the following creditors, and in the following particulars:

   **Increased plan term to 48 months, Increased amount for Attorney's fees and the elimination of available funds to the unsecured creditors.**

3. Debtors submits that the reason(s) for the modification is (are) as follows:

    **Debtor's wife passed away on September 19, 2016**

4. The Debtors submit that the requested modification is being proposed in good faith, and not for any means prohibited by applicable law. The Debtor further submits that the proposed modification complies with *[11 U.S.C. §§ 1322(a), 1322(b), 1325(a) and 1329 or in instances where the amendment is to a Chapter 12 Plan, then 11U.S.C.§§ 1222(a), 1222(b), 1225(a) and 1229 ]* and, except as set forth above, there are no other modifications sought by way of the Amended Chapter 13 Plan.

    **WHEREFORE**, the Debtors respectfully requests that the Court enter an Order confirming the Amended Chapter 13 Plan, and for such other relief the Court deems equitable and just.

    RESPECTFULLY SUBMITTED, this 31st day of March 2017.

/s/ Edgardo D. Santillan
Name: Edgardo D. Santillan, Esquire
Attorney I.D.: 60030
Address: 775 Fourth St.
Beaver, PA 15009
Phone #: 724-770-1040
Facsimile #: 412-774-2266
E-Mail: eds@debtlaw.com
Attorney for the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) |
| | )    BK NO. 13-24716-JAD |
| JAMES T MOORE and | ) |
| HEATHER A. MOORE | )    CHAPTER 12 |
| | ) |
| | )    Document No. |
| Debtor | ) |
| | ) |

## AMENDED CHAPTER 12 PLAN DATED MARCH 30, 2017

**I. PLAN FUNDING**

A. Future income stemming from the Debtors' operation of their livestock farming activities is submitted to the supervision and control of the Trustee.

B. The Debtor shall pay the sum of $1,100.00 monthly to the Chapter 12 Trustee. The first payment shall be made on or before February 1, 2014, with payments in the same amount to be made on or before that same day of each subsequent month for the duration of this Plan which is thirty-six (36) months long. The Debtors shall increase their monthly payment to $1,400.00 per month effective with the June 1, 2015 payment in order to adequately fund payment to creditors listed herein.

C. The Debtor shall extend his plan term to forty (48) months instead of the original thirty-six (36) month term.

**II. TREATMENT OF CLAIMS**

A. Secured Creditors

1. Caliber Home Loans holds a security interest in the form of a first mortgage on the real property of the Debtors in the amount of $345,374.55 (filed at Proof of Claim 4). The Debtors filed a Complaint to Determine Secured Status pursuant to 11 USC 506 against this creditor/claim. The parties filed a Settlement Stipulation which was approved by the Court on June 4, 2014 at Document No. 9 in Adversary Case No. 13-2448-JAD.

The Stipulation provides in pertinent part that Caliber shall hold a secured claim against the Debtors' property in the amount of $158,000.00. The amount of $187,374.55 was found to be unsecured and is extinguished and shall not survive the bankruptcy and is avoided in its entirety. The Debtors shall reamortize the secured claim of Caliber Home Loans at $158,000.00 with 5.00% interest over 30 years. At $158,000.00 this creditor shall be paid at $848.18 per month including the 36 months for which it will be paid by the Chapter 12 Trustee; payments thereafter for the remaining duration of the 30 year period shall be made by the Debtors personally. The interest on this claim shall begin to accrue upon confirmation of the Debtor's Plan.

2. PHFA-HEMAP holds a security interest in the form of a secondary mortgage on the real property of the Debtors. The Debtors filed a Complaint to Determine Secured Status at Adversary No. 13-02449-JAD pursuant to 11 USC 506 against this creditor/claim. The Debtors obtained a Default Order of Court dated March 7, 2014 (at Document No. 8) which unsecured the PHFA-HEMAP claim in the amount of $54,467.50. As such, the claim of PHFA-HEMAP shall be extinguished, shall not be paid and is not enforceable against the property of the Debtors.

3. Ally Financial serviced by Ally Servicing LLC holds a security interest in the form of a financing statement against the Debtors' 2007 Chevrolet Silverado VIN 1GCHK23D87F101236 vehicle. As such, the secured claim of Ally Financial shall be paid at $5,381.03 with 5.00% interest to be re-amortized over 36 month in equal monthly payments of $161.27 per month for which it will be paid by the Chapter 12 Trustee. The creditor shall be deemed to be paid in full upon completion of these enumerated payments and shall satisfy its lien within 30 days after the Chapter 12 trustee certifies that she has paid the claim as proposed. The interest on this claim shall begin to accrue upon confirmation of the Debtor's Plan.

B. Unsecured Claims

After the administrative payments and dividends to the above-described creditors are made, dividends from such payments shall be made to all other creditors whose claims are duly proved and allowed from the balance remaining from each such payment. Then general unsecured claims shall be paid on a pro rata basis after all of the secured and priority claims have been fully paid. The Debtors estimate that a total of $0.00 will be available for distribution to unsecured, non-priority creditors. The estimated percentage of payments to general unsecured creditors is 0%.

### III. LIQUIDATION TEST

Debtor submits that a liquidation of the estate would result in a 0% dividend to unsecured creditors. Debtor has $0.00 in non-exempt property.

### IV. ADMINISTRATIVE PAYMENTS

From the payments she will receive, the Trustee shall make the following disbursements:

A.  Administration payments to the Chapter 12 Trustee for Trustee's commission for the duration of this Plan in that percentage amount currently prescribed under guidelines of the Office of the U.S. Trustee or administrative office.

B.  An administrative payment or payments to Santillan Law Firm, PC, attorneys for the Debtors, for any balance of compensation and reimbursement for expenses as approved by the Bankruptcy Court. Any amount so approved shall be paid monthly over such period of times as the Court may direct but, for each such month, before payments to creditors as described above. Attorney's fees are were initially estimated to be $5,000.00 with Debtor having paid $5,000.00 pre-petition to Santillan Law Firm, PC. The balance of fees, if any, shall be paid over the first **24** months of the Plan in the amount of approximately $200.00 per month.  Total projected fees shall be $9,000.00. Payments to unsecured creditors will be delayed or reduced to allow payments to Debtor's counsel until they would be paid in full. Debtor's counsel will file a fee application for the amount of their interim and final compensation.

C.  This Court entered an Order dated July 10, 2104, Approving the Application of Felicia E. Santillan, Esquire, as Special Counsel for the Debtors in a custody action in Beaver County, Pennsylvania.  Although special counsel fees were not initially estimated, it is projected that special counsel fees could equal and/or exceed $5,000.00 since a Custody Trial took place.  As such, Attorney Felicia E. Santillan, shall be paid a monthly sum of **$200.00 per month during the administration of the Debtors' bankruptcy - after approval of same through appropriate fee application(s). The balance of fees, if any, shall be paid directly paid by the Debtors after the 36 month period of reorganization**. Payments to unsecured creditors will be delayed or reduced to allow payments to Debtor's counsel until they would be paid in full. Debtor's counsel will file a fee application for the amount of their interim and final compensation.

**V. MISCELLANEOUS**

A.  The amounts set forth to be paid to each and every creditor under the term of this Plan shall be payment in full for all unsecured pre-petition obligations, including tax obligations; and upon completion of this Plan, the Debtors shall not be legally liable or responsible for any such pre-petition debts which are addressed herein.

B.  Creditors shall retain, except as modified by the Court for particular creditors, any liens which they have on the Debtor's property until the Debtor's obligations to each such creditor are terminated pursuant to this Plan.

C.  Unsecured and unsecured priority creditors that have not filed a proof of claim on or before the "bar date" set by the Bankruptcy Court shall not be entitled to any distribution under this Plan, and all obligations to them shall cease upon discharge of the Debtor upon completion of this Plan.

D.  The effective date of this Plan shall be the date of the Order confirming the same.

E.  The title to the Debtors' property shall remain with the Debtors.

Respectfully submitted,

**SANTILLAN LAW FIRM, PC**

Dated: March 30, 2017

/s/ Edgardo D. Santillan
Edgardo D. Santillan, Esquire
PA ID No. 60030

Attorney for Debtors
775 Fourth Street
Beaver, Pennsylvania 15009
Phone: (724) 770-1040

/s/ James T. Moore
James T. Moore