<sub>Form 149</sub>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**James T Moore
Heather A Moore**
  Debtor(s)

Bankruptcy Case No.: 13–24716–JAD
Issued Per Apr. 27, 2017 Proceeding
Chapter: 12
Docket No.: 101 – 95
Concil. Conf.: at

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED
### AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

   IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 30, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☑ B.   The length of the Plan is increased to a total of 54 months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.   Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.
The claim of Caliber Home Loans will be treated as a long term continuing debt.
This case is scheduled for a telephonic conference review for June 27, 2017 at 11:00 am. Participates are permitted to dial in: 412–304–0132.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: May 12, 2017

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                          United States Bankruptcy Court
                          Western District of Pennsylvania
In re:                                                              Case No. 13-24716-JAD
James T Moore                                                       Chapter 12
Heather A Moore
         Debtors
                               CERTIFICATE OF NOTICE
District/off: 0315-2          User: jhel                Page 1 of 2         Date Rcvd: May 12, 2017
                              Form ID: 149              Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 14, 2017.
db/jdb       +James T Moore,    Heather A Moore,    163 Upper Service Road,    Hookstown, PA 15050-1447
cr            Duquesne Light Company,    c/o Peter J. Ashcroft,    2200 Gulf Tower,    Pittsburgh, PA   15219
sp           +Felicia E. Santillan,    950 Corporation Street, Suite 304,    Beaver,, PA 15009-2625
sp           +Felicia E. Santillan,    Santillan Law Firm, P.C.,    775 Fourth Street,    Beaver, PA 15009-2108
acc          +Philip J. McHale, III,    600 Grant Street, Suite 3250,    Pittsburgh, PA 15219-2719
13745960      Caliber Home Loans,    PO Box 619063,    Dallas, TX 75261-9063
13745961      Caliber Home Loans, Inc.,    PO Box 24610,    Oklahoma City, OK 73124-0610
13823290     +Caliber Home Loans, Inc.,    13801 Wireless Way,    Oklahoma City, OK 73134-2500
13745964     +National Recovery Agen,    2491 Paxton St,    Harrisburg, PA 17111-1036
13745966      Nco Fin/55,    Po Box 13570,    Philadelphia, PA 19101
13745969     +Sears/cbna,    Po Box 6189,    Sioux Falls, SD 57117-6189
13745970     +U.S. Bank Trust, N.A. as trustee for,    VOLT Asset Holdings Trust XVI,    13801 Wireless Way,
                Oklahoma City, OK 73134-2500

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            E-mail/PDF: rmscedi@recoverycorp.com May 13 2017 00:30:49
                Recovery Management Systems Corporation,    25 S.E. Second Avenue,    Suite 1120,
                Miami, FL   33131-1605
13745959     +E-mail/Text: ally@ebn.phinsolutions.com May 13 2017 00:33:31      Ally Financial,
                200 Renaissance Ctr,    Detroit, MI 48243-1300
13760315      E-mail/Text: ally@ebn.phinsolutions.com May 13 2017 00:33:31
                Ally Financial serviced by Ally Servicing LLC,    PO Box 130424,    Roseville, MN 55113-0004
13745962     +E-mail/Text: hariasdiaz@creditmanagementcompany.com May 13 2017 00:34:12
                Credit Management Co,    2121 Noblestown Rd,    Pittsburgh, PA 15205-3956
13806159     +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM May 13 2017 00:34:25      Duquesne Light Company,
                c/o Bernstein-Burkley, P.C.,    707 Grant Street,    Suite 2200 Gulf Tower,
                Pittsburgh, PA 15219-1908
13745963     +E-mail/Text: bankruptcydpt@mcmcg.com May 13 2017 00:33:57      Midland Funding,    8875 Aero Dr,
                San Diego, CA 92123-2255
13745965     +E-mail/Text: nhc@nhchome.com May 13 2017 00:33:31      Natl Hosp Collections,    Po Box 699,
                Morgantown, WV 26507-0699
13767820      E-mail/Text: blegal@phfa.org May 13 2017 00:34:00      PHFA/HEMAP,    211 NORTH FRONT ST,
                PO BOX 8029,    HARRISBURG, PA 17105
13745967     +E-mail/Text: blegal@phfa.org May 13 2017 00:34:00      PHFA-HEMAP,    2101 N. Front Street,
                Harrisburg, PA 17110-1086
13745968      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 13 2017 00:30:50
                Portfolio Recovery,    Attn: Bankruptcy,    Po Box 41067,    Norfolk, VA 23541
13751622      E-mail/PDF: rmscedi@recoverycorp.com May 13 2017 00:30:49
                Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
                Miami, FL 33131-1605
                                                                                              TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            VOLT Asset Holdings Trust XVI, by Caliber Home Loa
13760316*     Ally Financial serviced by Ally Servicing LLC,    PO Box 130424,    Roseville, MN 55113-0004
                                                                                      TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2017                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2           User: jhel              Page 2 of 2             Date Rcvd: May 12, 2017
                               Form ID: 149            Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 12, 2017 at the address(es) listed below:

         Andrew F Gornall    on behalf of Defendant    Caliber Home Loans agornall@goldbecklaw.com,
          bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
         Andrew F Gornall    on behalf of Creditor    VOLT Asset Holdings Trust XVI, by Caliber Home Loans,
          Inc., solely in its capacity as servicer agornall@goldbecklaw.com,
          bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
         Edgardo D. Santillan    on behalf of Plaintiff Heather A Moore ed@santillanlaw.com,
          edscourt@debtlaw.com;edscourt@gmail.com;650corpst304bknotbackup15009@gmail.com;eds@debtlaw.com;eds.myecfemail@gmail.com;r53999@notify.bestcase.com
         Edgardo D. Santillan    on behalf of Joint Debtor Heather A Moore ed@santillanlaw.com,
          edscourt@debtlaw.com;edscourt@gmail.com;650corpst304bknotbackup15009@gmail.com;eds@debtlaw.com;eds.myecfemail@gmail.com;r53999@notify.bestcase.com
         Edgardo D. Santillan    on behalf of Debtor James T Moore ed@santillanlaw.com,
          edscourt@debtlaw.com;edscourt@gmail.com;650corpst304bknotbackup15009@gmail.com;eds@debtlaw.com;eds.myecfemail@gmail.com;r53999@notify.bestcase.com
         Edgardo D. Santillan    on behalf of Spec. Counsel Felicia E. Santillan ed@santillanlaw.com,
          edscourt@debtlaw.com;edscourt@gmail.com;650corpst304bknotbackup15009@gmail.com;eds@debtlaw.com;eds.myecfemail@gmail.com;r53999@notify.bestcase.com
         Edgardo D. Santillan    on behalf of Plaintiff James T Moore ed@santillanlaw.com,
          edscourt@debtlaw.com;edscourt@gmail.com;650corpst304bknotbackup15009@gmail.com;eds@debtlaw.com;eds.myecfemail@gmail.com;r53999@notify.bestcase.com
         James Warmbrodt    on behalf of Creditor    VOLT Asset Holdings Trust XVI, by Caliber Home Loans,
          Inc., solely in its capacity as servicer bkgroup@kmllawgroup.com
         Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
         Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
          ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtdrive.com
         Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
         Ronda J. Winnecour    on behalf of Trustee Ronda J. Winnecour cmecf@chapter13trusteewdpa.com
                                                                                                       TOTAL: 12